UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUFUS J. CRISWELL, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) NO. 1:11-cv-01612-MJD-JMS |
| | ) |
| SOLARAY CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

This matter is before the Court on Defendant Solaray Inc.'s ("Solaray") Partial Motion to Dismiss Plaintiff Richard Criswell's ("Criswell") Complaint in accordance with Federal Rule of Civil Procedure 12(b)(6). [Dkt. 17.] The Court held a hearing on the matter on July 11, 2012. The Court, being duly advised, **GRANTS** in part and **DENIES** in part Solaray's Motion for Partial Dismissal.

## I. Background

Criswell began working for Solaray in early January 2008 as a delivery driver. During his employment, Solaray paid Criswell a salary. On August 1, 2011, Solaray terminated Criswell's employment. Thereafter, Criswell filed suit, alleging violations of federal and state laws.

In Count I of his Complaint, Criswell alleges that Solaray failed to pay him overtime wages and premiums for hours worked over forty hours per workweek as required by the Fair Labor Standards Act[1] ("FLSA"). In Count II of his Complaint, Criswell alleges that, under the

---

[1] Criswell brings his FLSA claim as a collective action. His state law claim is brought as an individual action.

1

Indiana Wage Claims Statute, he was not timely paid all of his wages during his employment in violation of the Ten Day Rule found in the related—but nonetheless distinct—Indiana Wage Payment Statute, which requires employers to pay wages earned within ten days of the end of the pay period. Criswell further alleges in Count II that, under the Wage Claims Statute, he was not timely paid all of his wages after his termination. On February 10, 2012, Solaray filed a Partial Motion to Dismiss Count II of Criswell's Complaint for failing to state a claim upon which relief can be granted.

## II. Legal Standard

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A short and plain statement "'gives[s] the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

## III. Discussion

Solaray argues Count II must be dismissed because Criswell has alleged that he is a salaried employee who is eligible for overtime under the FLSA and that an exemption in the Wage Payment Statute, exempting such employees, also applies to claims brought under the Wage Claims Statute. According to Solaray, because of this allegation, Criswell has pleaded himself directly out of his state claim by squarely falling within the Wage Payment Statute's

exemption.[2] In response, Criswell argues that this exemption does not apply to the Wage Claims Statute, but instead applies only to the Wage Payment Statute. Before addressing the parties' arguments, the Court finds it necessary to first provide a background on the Wage Claims Statute and the Wage Payment Statute.

## A. Wage Claims Statute and Wage Payment Statute

Criswell brings his state law claims under the Wage Claims Statute, Indiana Code § 22-2-9-1 *et seq.*, which allows individuals to sue their former employer for any unpaid wages that are not paid on the "regular pay day for pay period in which separation occurred." Ind. Code § 22-2-9-2. Thus, if an employee is terminated on a Thursday and the payday for that pay-period is on Friday—the day after the termination—the employer must pay the employee all unpaid wages on that Friday.

Under the Wage Payment Statute, Ind. Code § 22-2-5 *et seq.,* all employers "shall pay each employee at least semimonthly or biweekly, if requested, the amount due the employee." Ind. Code § 22-2-5-1(a). Unlike the Wage Claims Statute, the Wage Payment Statute contains a provision known as the Ten Day Rule, which states "[p]ayment shall be made for all wages

---

[2] In support of this argument, Solaray cites cases for the proposition that "'[a] party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims…'" [Dkt. 31 at 3 quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).] Criswell, however, is not pleading facts; rather, Criswell is alleging a legal conclusion, which is for the Court to determine, not the parties. Thus, Criswell has not pleaded himself out of court by pleading facts that establish an impenetrable defense. In response to the Court's questioning at the hearing regarding whether a party may admit a legal conclusion in the pleadings, Solaray filed supplemental authority for the proposition that a lawyer, in answering a complaint, may not refuse to respond to an allegation on the ground that the allegation calls for a legal conclusion. [Dkt. 55.] Therefore, according to Solaray, legal conclusions may be admitted in pleadings. First, Solaray has not yet filed an Answer so it has yet to admit or deny the allegations in the Complaint. Moreover, while both parties might agree on a question of law, that does not make it the law of the case. *See U.S. v. Hernandez*, 544 F.3d 743, 750 (7th Cir. 2008) (explaining that courts are not controlled by stipulations regarding questions of law or what the law requires) (citing *Swift & Co. v. Hocking Valley Ry. Co.*, 243 U.S. 281 (1917); *U.S. v. One 1978 Bell Jet Ranger Helicopter*, 707 F.2d 461, 462 (11th Cir. 1983); *King v. U.S.*, 641 F.2d 253, 258 (5th Cir. 1981)). Consequently, regardless of Solaray's response to the Complaint, the parties cannot conclusively determine by agreement the legal issue of whether or not Criswell is a salaried employee who is eligible for overtime compensation under the FLSA.

earned to a date not more than ten (10) business days prior to the date of payment." Ind. Code § 22-2-5-1(b).  Salaried employees who are eligible for overtime compensation under the FLSA are excluded from the protections provided by the Wage Payment Statute, including the Ten Day Rule. Ind. Code § 22-2-5-1.1. Thus, salaried employees who are eligible for overtime compensation under the FLSA cannot bring a Ten Day Rule violation claim under the Wage Payment Statute.

In *St. Vincent Hosp. and Health Care Center, Inc. v. Steele*, the Indiana Supreme Court explained the difference between the Wage Claims Statute and the Wage Payment Statute, noting that the two statutes "set forth two different procedural frameworks for wage disputes [and] each statute applies to different categories of claimants."  766 N.E.2d 699, 705 (Ind. 2002).  The Wage Claims Statute applies to employees who have been involuntarily terminated by their employer and to employees who have been separated from work due to an industrial dispute. *Id.* The Wage Payment Statute, on the other hand, applies to current employees and to employees who voluntarily left employment, either permanently or temporarily. *Id.*

In *Hollis v. Defender Sec. Co.*, the court clarified the holding in *Steele*, concluding that the correct statute to sue under turns on the employee's status at the time he or she files a claim—not when the claim accrues. 941 N.E.2d 536, 540 (Ind. Ct. App. 2011), *transfer denied*, 950 N.E.2d 1212 (Ind. 2011). In other words, once an employee has been terminated or separated from work due to an industrial dispute, that employee may only sue under the Wage Claims Statute regardless of whether, prior to termination, the employee had cognizable Wage Payment Statute claims. *Id.*  Thus, at the time Criswell filed his claim, he had been involuntarily separated from his employment and may therefore proceed under the Wage Claims Statute only. Having provided a brief background on the two statutes, the Court now turns to the parties'

dispute regarding whether the exemption in the Wage Payment Statute prevents Criswell from bringing his claim under the Wage Claims Statute.

**B**. **Criswell's Count II Alleging Violations of the Wage Claims Statute**

Solaray's argument takes a circuitous route to reach the conclusion that the exemption in the Wage Payment Statute flows through to the Wage Claims Statute. The Wage Claims Statute does not have its own remedies provision; rather, it cross-references the remedy provision in the Wage Payment Statute, stating that the "provisions of IC 22-2-5-2 apply to civil actions initiated under this subsection." Ind. Code § 22-2-9-4. The remedies provision in the Wage Payment Statute states the following:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee **as provided in section 1 of this chapter shall**, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys.

Ind. Code § 22-2-5-2 (emphasis added). Solaray articulates its statutory interpretation argument as follows:

> [T]he Indiana Wage Claims Statute refers to Indiana Code § 22-2-5-2, which in turn refers to Indiana Code §§ 22-2-5-1 and 22-2-5-1.1. Thus, the exemption in Indiana Code § 22-2-5-1.1 from Indiana Code § 22-2-5-1 applies to both the Indiana Wage Payment Statute and the Indiana Wage Claims Statute.

[Dkt. 31 at 4-5 (internal citations omitted).]

"A question of statutory interpretation is a matter of law," that the court decides. *Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008) (citation omitted). In interpreting the Wage Claims Statute, the Court takes note of certain tenets of legislative interpretation employed by the State of Indiana. First, if the statutory language is "clear and unambiguous, there is nothing

to construe." *Id.* Additionally, "under well-established Indiana law, the court may not extend the plain meaning of a statute by adding language that does not already appear." *Estate of Crouch v. Madison County*, 682 F. Supp. 2d 862, 878 (S.D. Ind. 2010); *see also Neal v. Pike Tp.*, 639 N.E.2d 299 (Ind. Ct. App. 1994) (citation omitted) ("This court will not add to a statute language which does not exist therein."). If, however, the statutory language is not clear and unambiguous and is susceptible to more than one reasonable interpretation, "the statute must be construed to give effect to the legislature's intent." *Nash*, 881 N.E.2d at 1063.

To begin with, contrary to Solaray's contention otherwise, the remedies provision in the Wage Payment Statute, Ind. Code § 22-2-5-2, does not refer to the exemption in Ind. Code § 22-2-5-1.1. Rather, the remedies provision refers to "section 1 of this chapter," which is Ind. Code § 22-2-5-1, the section governing the frequency of payment and the section containing the Ten Day Rule. The exemption is in section 1.1, an entirely different section not referred to in the remedies provision. Thus, even under Solaray's interpretation, the exemption in the Wage Payment Statute does not get incorporated into the Wage Claims Statute by way of reference.

Moreover, the Wage Claims Statute cross-references only to the "provisions of IC 22-2-5-2," which details the **remedies** available for violations of the Wage Payment Statute. The plain meaning of the cross-reference is that the remedies in Ind. Code § 22-2-5-2 "apply to civil actions initiated" under the Wage Claims Statute. Ind. Code § 22-9-9-4. To read into the cross-reference anything beyond that would require adding language that does not exist in the cross-reference. Thus, contrary to Solaray's argument, the fact that the Wage Claims Statute utilizes the Wage Payment Statute's remedies provision by way of cross-reference does not mean that other sections of the Wage Payment Statute referenced in the remedies provision are thereby incorporated into the Wage Claims Statute. The cross-reference in the Wage Claims Statute

6

clearly and unambiguously provides for the application of Ind. Code § 22-2-5-2 to the Wage Claims Statute; the cross-reference cannot be read to also incorporate Ind. Code § 22-2-5-1 and §22-2-5-1.1 into the Wage Claims Statute.[3]

Even if the cross-reference in the Wage Claims Statute was susceptible to more than one reasonable interpretation, the Court would be required to construe the statutory language to give effect to the Legislature's intent. Keeping that in mind, the Court notes that, had the Legislature intended for the exemption in Ind. Code § 22-2-5-1.1 to apply in the Wage Claims Statute, it could have simply added the exemption directly into the Wage Claims Statute, as it did in the Wage Payment Statute. To read the exemption into the Wage Claims Statute via the cross-reference is too attenuated to be the clear intent of the Legislature, and so this Court refuses to do what the Indiana Legislature did not. These are the statutes that have been enacted by the Indiana Legislature, and Solaray's interpretation is far too obscure to be the imputed intent of the Legislature.

Additionally, the timing of the enactment of the cross-reference suggests that the Legislature did not intend for the cross-reference in Ind. Code § 22-2-9-4 to include the exemption in Ind. Code § 22-2-5-1.1. The cross-reference in Ind. Code § 22-2-9-4 was added to the Indiana Code in 1984 by P.L. 127-1984 Sec. 1; the exemption found at Ind. Code § 22-2-5-1.1 was not added until 1988 by P.L. 143-1988 Sec. 1. Thus, at the time of the cross-reference's enactment, it could not have included the exemption for salaried employees who are eligible for overtime compensation under the FLSA, because that exemption had not yet been created. If,

---

[3] Nor does the language of the exemption in Ind. Code § 22-2-5-1.1 support Solaray's argument that the exemption applies to the Wage Claims Statute. The exemption in the Wage Payment Statute provides that "[s]alaried employees who are eligible for overtime compensation under the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*) are specifically exempted from section 1 of this chapter." Ind. Code § 22-2-5-1.1. Thus, the plain meaning of the exemption is that it applies only to Ind. Code § 22-2-5-1 of the Wage Payment Statute and not the Wage Claims Statute.

when the exemption was created in 1988, the Indiana Legislature wanted it to apply to the Wage Claims Statute as well as the Wage Payment Statute, the Legislature could have made such intention clear; it did not. Rather, by including the exemption in only the Wage Payment Statute, the Indiana Legislature made clear its intention that the exemption applies only to the Wage Payment Statute and not to the Wage Claims Statute.

Solaray also argues that the exemption logically must apply as it makes no sense for the exemption to apply only to current employees and employees who leave voluntarily, but not to employees who are terminated, because the employer could never know whether the exemption applied to an employee until the employee's employment ended. Under this scenario, a terminated employee who was salaried and eligible for overtime compensation under the FLSA would be able to bring Ten Day Rule claims under the Wage Claims Statute, while a current employee salaried employee or an employee who voluntarily left would not be able to bring Ten Day Rule claims because of the exemption in the Wage Payment Statute.

In determining the Legislature's intent, it is presumed that the Legislature "intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result." *Nash*, 881 N.E.2d at 1063. Here, a logical inconsistency is only created if one reads into the Wage Claims Statute other provisions of the Wage Payment Statute—namely—the Ten Day Rule. If the Ten Day Rule does not apply to claims under the Wage Claims Statute, then Solaray's logic argument necessarily fails.

At the hearing, both Criswell and Solaray took the position that the Ten Day Rule applies to the Wage Claims Statute, despite the fact it is found only in the Wage Payment Statute. Presumably, Solaray takes this position because it bolsters the argument that the exemption in the Wage Payment Statute applies to the Wage Claims Statute as well. Criswell argues that,

under *Hollis*, 941 N.E.2d 536 and *Gavin v. Calcars AB, Inc.*, 938 N.E.2d 1270 (Ind. Ct. App. 2010), terminated employees—who had Ten Day Rule claims accrue while they were working for an employer—were allowed to bring Ten Day Rule claims under the Wage Claims Statute instead of the Wage Payment Statute.

The Court disagrees with Criswell's interpretation of *Hollis* and *Gavin*. Both cases merely state that, when an employee is terminated, he must bring his wage dispute under the Wage Claims Statute and not the Wage Payment Statute. Neither case states that Ten Day Rule claims may be brought under the Wage Claims Statute. Rather, the cases state that those plaintiffs' exclusive legal avenue to remedy their wage dispute was under the Wage Claims Statute. Thus, any amount due must be paid within the timeframe required by the Wage Claims Statute.

While both parties agreed that Ten Day Rule violations may be brought under the Wage Claims Statute, the Court finds that, in *Steele*, the Indiana Supreme Court made clear that the two statutes "set forth two different procedural frameworks for wage disputes [and] each statute applies to different categories of claimants." 766 N.E.2d 699, 705 (Ind. 2002). To read the Ten Day Rule into the Wage Claims Statute requires the Court to disregard these two different procedural frameworks. Accordingly, the Court finds that the Ten Day Rule does not apply to claims brought under the Wage Claims Statute.[4]

Because the Ten Day Rule does not apply to the Wage Claims Statute, it would not matter that, under Solaray's scenario, employers could never know whether the exemption applied to an employee until the employee's employment ended. Current salaried employees or employees who leave voluntarily, who are eligible for overtime compensation under the FLSA,

---

[4] This illustrates the Court's point in footnote two that, even if the parties both admit or agree to a legal conclusion, the Court ultimately must decide questions of law.

are exempt from provisions of the Wage Payment Statute, including the Ten Day Rule and thus may not bring a Ten Day Rule violation claim.  Likewise, terminated employees that were salaried employees eligible for overtime compensation under the FLSA may not bring Ten Day Rule violation claims—not because they are exempt—but rather, because they must bring their claims under the Wage Claims Statute, which does not contain a Ten Day Rule. In either case, salaried employees who are eligible for overtime compensation under the FLSA could not bring Ten Day Rule claims.

In sum, the Court finds that the exemption in Ind. Code § 22-2-5-1.1 in the Wage Payment Statute does not apply to the Wage Claims Statute.  As a result, Criswell may proceed with Count II of his Complaint under the Wage Claims Statute to the extent Criswell alleges he was not timely paid all of the wages he was due following his termination.  However, to the extent that Criswell's Complaint alleges a Ten Day Rule violation under the Wage Claims Statute, particularly paragraph forty-three of the Complaint, his Ten Day Rule claim is hereby dismissed.

## IV. Conclusion

For the foregoing reasons, Solaray's Partial Motion to Dismiss, [Dkt. 17], is hereby **GRANTED** in part and **DENIED** in part.

Dated: 08/17/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel